1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   STACY PAUL HERNANDEZ,

11              Plaintiff,                         No. 2:12-cv-3065 AC P

12        vs.

13   W. SACRAMENTO POLICE DEPT., et al.,

14              Defendants.                        <u>ORDER</u>

15   _____/

16              Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19   U.S.C. § 636(b)(1).

20                    <u>*Motion to Proceed in Forma Pauperis*</u>

21              Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

25   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

26   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

                                            1

preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

### *The Complaint*

#### Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 , 555 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

1  556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility

2  when the plaintiff pleads factual content that allows the

3  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

4  <u>Id.</u>

5        In reviewing a complaint under this standard, the court must accept as true the

6  allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

7  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

8  doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

9  <u>Summary of the Complaint</u>

10        Plaintiff alleges that on January 25, 2011, he was attacked by a police dog when

11  officers from the Sacramento and West Sacramento police departments entered a house where

12  plaintiff was located.  <u>See</u> Doc. No. 1 at 4.  Plaintiff alleges that he placed his hands in the air,

13  notifying the unnamed officers that he was placing himself in their custody, but that one officer

14  gave the dog the command to attack.  <u>Id.</u>

15        Plaintiff alleges that the dog latched onto his arm, and "proceeded to viciously

16  tear and rip at the flesh and muscle tissue."  <u>Id.</u> at 5.  Plaintiff alleges that none of the officers

17  gave the animal, or attempted to give the animal, any command to desist.  <u>Id.</u>  Plaintiff claims

18  that when the dog was eventually called off, "a large portion of flesh muscle tissue, and tendons

19  were ripped from Plaintiff's (L) forearm."  <u>Id.</u>

20        Plaintiff alleges that he was hospitalized for two weeks on account of the attack,

21  and is not missing a large portion of muscle tissue from his left forearm.  <u>Id.</u> at 6.  Plaintiff

22  claims that the injury resulted in plaintiff losing full function of his left hand due to muscle loss,

23  tendon damage, and nerve damage, as well as loss in overall strength of the arm and hand.  <u>Id.</u>

24        As defendants, plaintiff has named the West Sacramento Police Department and

25  the Sacramento Police Department.  <u>See</u> Doc. No. 1.  Plaintiff seeks money damages, including

26  compensatory and punitive damages.  <u>Id.</u> at 6.

1    A review of the complaint reveals that plaintiff appears to have a suit raising

2 similar claims currently pending in the state Superior Court. Id. at 1.

3    *Analysis*

4    The Civil Rights Act under which this action was filed provides as follows:
     Every person who, under color of [state law] . . . subjects, or
5    causes to be subjected, any citizen of the United States . . . to the
     deprivation of any rights, privileges, or immunities secured by the
6    Constitution . . . shall be liable to the party injured in an action at
     law, suit in equity, or other proper proceeding for redress.
7

8 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See,

10 e.g., Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011).  "A person 'subjects' another to the

11 deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act,

12 participates in another's affirmative acts or omits to perform an act which he is legally required

13 to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740,

14 743 (9th Cir. 1978).

15    Municipal Liability and *Respondeat Superior*

16    Municipalities and other local government units are among those persons to

17 whom 42 U.S.C. § 1983 applies.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).

18 However, a local government unit may not be held responsible for the acts of its employees

19 under a respondeat superior theory of liability.  See, e.g., Board of County Com'rs of Bryan

20 County, Okl. v. Brown, 520 U.S. 397, 403 (1997).  Because vicarious liability is inapplicable to

21 suits brought under 42 U.S.C. § 1983, a plaintiff must plead that each government official,

22 through the official's own individual actions, has violated the Constitution.  See Ashcroft v.

23 Iqbal, 556 U.S. at 676.

24    Plaintiffs who seek to impose liability on local governments under § 1983 must

25 prove that "action pursuant to municipal policy" caused the plaintiffs' injury.  Connick v.

26 Thompson, __ U.S. __, 131 S.Ct. 1350, 1359 (2011).  Official municipal policy includes the

1   decisions of a government's lawmakers, the acts of its policymaking officials, and practices so

2   persistent and widespread as to practically have the force of law.  Id.

3          In limited circumstances, a local government's decision not to train certain

4   employees about their legal duty to avoid violating citizens' rights may rise to the level of an

5   official government policy for the purposes of § 1983.  Id.  To satisfy the statute, a

6   municipality's failure to train its employees in a relevant respect must amount to deliberate

7   indifference to the rights of the persons with whom the untrained employees come into contact.

8   Id.

9          In this case, plaintiff does not name as defendants or otherwise identify the

10  officers who were present at the time of the alleged dog attack.  Instead he names as defendants

11  the employing police departments, but does not provide any basis to determine if the police

12  departments themselves subjected plaintiff to a deprivation of his constitutional rights, such as

13  through a municipal policy or custom.  Because plaintiff is accordingly attempting to hold the

14  police departments liable on account of the acts of their unnamed employees, the complaint fails

15  to state a colorable cause of action under 42 U.S.C. § 1983.

16         Plaintiff's complaint will be dismissed with leave to amend.  See 42 U.S.C.

17  § 1997e(c).  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

19  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

20  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

21  there is some affirmative link or connection between a defendant's actions and the claimed

22  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

23  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

24  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

25  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

5

order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Doc. No. 2) is granted;

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: January 4, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/hern3065.B