UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY PAUL HERNANDEZ,<br><br>            Plaintiff,<br><br>      v.<br><br>WEST SACRAMENTO POLICE DEPT., et al.,<br><br>            Defendants. | No.  2:12-cv-03065 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Before the court is plaintiff's motion to compel filed on April 14, 2014.  ECF No. 65.  Defendant West Sacramento Police Department has filed an opposition.  ECF No. 65.  However, Defendant City of Sacramento Police Department has not.  For the reasons indicated below, the court will deny plaintiff's motion as moot with respect to the West Sacramento Police Department and deny the motion as to the Sacramento City Police Department.

I.      Background

Plaintiff initiated this action on December 20, 2012 and is proceeding on an excessive force claim against Defendants West Sacramento Police Department, Sacramento City Police Department, Sergeant J. Wringer, and Officers R. Kinney, J. Watson, Herrera, Duggins, and Azevedo.

1

1   On October 28, 2013, a discovery and scheduling order was issued by the court. ECF No.
2   38. It provided that the parties may conduct discovery until February 14, 2014 and that all
3   requests for discovery were to be served no later than 60 days prior to that date. <u>Id.</u> at 5. All
4   motions necessary to compel discovery were to be filed by February 14, 2014 as well. <u>Id.</u>

5   The court modified the discovery and scheduling order on March 21, 2014 based on
6   plaintiff's motion. ECF No. 64. The modified discovery schedule permitted discovery requests
7   to be served up to and including May 9, 2014. <u>Id.</u> Any necessary motions to compel must be
8   filed by July 8, 2014. <u>Id.</u>

9   II.    <u>Motion to Compel and Opposition</u>

10   In his motion, plaintiff seeks to compel both the West Sacramento and the Sacramento
11   City Police Departments to produce any and all arrest reports related to his January 25, 2011
12   arrest at 4117 33rd Avenue in Sacramento. ECF No. 65. The West Sacramento Police
13   Department opposed the motion because plaintiff failed to request these documents in discovery
14   pursuant to Rule 34 of the Federal Rules of Civil Procedure even though he was given additional
15   time to do so by the court. <u>See</u> ECF Nos. 67 at 2, 64 (order modifying discovery and scheduling
16   order). Moreover, defendant contends that plaintiff has not conferred or attempted to confer with
17   them regarding production of these documents prior to filing the motion to compel. ECF No. 67.
18   at 3. However, despite plaintiff's failure to comply with the Rules of Civil Procedure, the West
19   Sacramento Police Department has agreed to treat plaintiff's motion to compel as a request for
20   production of the arrest and police reports under Rule 34 of the Federal Rules of Civil Procedure.
21   <u>Id.</u> at 3. To that end, the West Sacramento Police Department indicated that it would send all
22   responsive documents to plaintiff prior to May 22, 2014. ECF No. 67 at 3.

23   II.    <u>Legal Standards</u>

24   A motion to compel discovery from a party may be made by either party, but it requires a
25   certification that the "movant has in good faith conferred or attempted to confer with the person
26   or party failing to make disclosure or discovery in an effort to obtain it without court action."
27   Fed. R. Civ. P. 37(a)(1). A motion to compel discovery may be granted in one of four
28   circumstances, including when "a party fails to respond that inspection will be permitted – or fails

to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Pursuant to Local Rule 250.3(c), a request for production of documents shall not be filed unless there is a proceeding in which the request is at issue.

III.   Analysis

In light of the West Sacramento Police Department's construction of plaintiff's motion to compel as a request for production of documents and their response thereto, it appears that plaintiff's motion to compel is moot. Therefore, the court will deny the motion as moot with respect to Defendant West Sacramento Police Department.

However, the court will deny plaintiff's motion to compel as to Defendant Sacramento City Police Department. Plaintiff's motion to compel is deficient in a number of respects. First and foremost, plaintiff failed to follow the ordinary course of discovery by serving a request for production of the arrest and police reports on defendant Sacramento City Police Department as required by Rule 34 of the Federal Rules of Civil Procedure. Even though plaintiff is proceeding pro se, the court advised plaintiff of the proper procedure for requesting these documents in its order of March 21, 2014 when plaintiff first requested a subpoena duces tecum in order to obtain these documents. See ECF No. 64 at 2. Plaintiff has also not produced a certification or any type of proof that he has "conferred or attempted to confer" with defendants as required for a motion to compel under Rule 37(a)(1) of the Federal Rules of Civil Procedure. Therefore, plaintiff's motion to compel discovery is both premature and fails to meet the requirements of Rule 37 of the Federal Rules of Civil Procedure. The court will deny the motion based on these deficiencies.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 65) is denied as moot with respect to Defendant West Sacramento Police Department.

2. The motion is denied as to Defendant Sacramento City Police Department.

DATED: June 9, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3