UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY PAUL HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. SACRAMENTO POLICE DEPT., et al.,<br><br>　　　　Defendants. | No.  2:12-cv-03065 AC P<br><br><br>ORDER |

　　　Plaintiff, a federal inmate proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for a temporary stay of proceedings.  ECF No. 69.  Defendant West Sacramento Police Department has filed an opposition, ECF No. 70, and plaintiff has filed a reply.  ECF No. 71, 72.[1]

　　　In the motion plaintiff seeks a stay of proceedings so that he may obtain counsel to represent him following his upcoming release from incarceration on or about September 30, 2014.  ECF No. 69.  In his reply plaintiff further indicates that "without the ability to be represented by a competent and well-educated lawyer the plaintiff feels he would not be able to properly represent himself in future proceedings."  ECF No. 71 at 1.

　　　In opposition, defendant West Sacramento Police Department indicates that plaintiff was

---

[1] The reply filed on September 2, 2014 appears to be a duplicate of the reply filed on August 25, 2014.  It will therefore not be addressed separately by the court.

1

able to file the complaint as well as to complete discovery on a pro se basis. ECF No. 70. Furthermore, the only pending deadline in the instant case requires any dispositive motions to be filed by October 6, 2014, which falls after plaintiff's release from custody. Id. Accordingly, defendant asserts that there is no hardship which plaintiff will suffer if a stay is not granted. Id. at 2.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254 (1936). Here, after weighing the balance of the competing interests, the court will deny plaintiff's motion. Plaintiff has failed to demonstrate any clear hardship from proceeding, considering the fact that he will have time to search for counsel to represent him upon his release before he is required to file an opposition to any dispositive motion. Moreover, any need for additional time to file or oppose a motion can be addressed by a request for extension of time or to modify the scheduling order.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a stay of these proceedings (ECF No. 69) is denied.

DATED: September 9, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2